IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC 20011-5125,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, S.W.<br>Washington, DC 20202,<br><br>   Defendant. | Civil Action No. 23-2949 |

**COMPLAINT**

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant the United States Department of Education ("DOE") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff FGI is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government. *See* D.C. Code § 29-1102(5).

1

4.	Defendant, the United States Department of Education, is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 400 Maryland Avenue, S.W., Washington, D.C. 20202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.	On February 2, 2023, FGI submitted a FOIA request online to Defendant. *See* Exhibit A. To enlighten the public on how Department officials were communicating about the 2022 National Assessment of Education Progress ("NAEP"), which showed significant learning loss from the pandemic school closures, among other findings, the request sought:

> Records of communications with external organizations regarding the NAEP assessments, including but not limited to the following organizations:
> - National Education Association (NEA)
> - American Federation of Teachers (AFT)
> - National Association of Second School Principals
> - National Association of Elementary School Principals
> - National School Boards Association
> - AASA, The School Superintendents Association
> - National Association of State Boards of Education
> - NWEA
> - Council of Chief State School Officers
> - Education Trust
> - National Council of Teachers of Mathematics

The request also sought correspondence regarding the NAEP assessments with news media and congressional offices.

6.	The request sought the records from the following custodians:

- Miguel Cardona, Secretary of Education
- Sheila Nix, Chief of Staff
- Cindy Marten, Deputy Secretary
- Joaquin Tamayo, Chief of Staff to the Deputy Secretary
- Kimberly Watkins-Foote, Director of National Engagement, Office of Communications and Outreach

- Adam Honeysett, Director of State and Local Engagement, Office of Communications and Outreach
- Doralicia Aguilera, Chief of Staff, Office of Legislation and Congressional Affairs
- Gwen Graham, Assistant Secretary, Office of Legislation and Congressional Affairs
- Vanessa Harmoush, Deputy Press Secretary, Office of Communications and Outreach
- Anna Hartge, Chief of Staff, Office of Communications and Outreach
- Roy Loewenstein, Press Secretary, Oversight, Office of Communications and Outreach
- Kamau Marshall, Senior Advisor, Office of Communications and Outreach
- JoAnn Martinez, Senior Advisor-Oversight, Office of Legislation and Congressional Affairs
- Blanchi Roblero, Deputy Assistant Secretary, Office of Legislation and Congressional Affairs
- Claire Viall, Deputy Assistant Secretary, Office of Legislation and Congressional Affairs
- Kalila Winters, Special Advisor, Office of the Secretary

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request.

8. Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

9. Defendant assigned the request tracking number 23-00930-F. *See* Exhibit B. On February 28, 2023 sent a letter to Plaintiff granting Plaintiff's fee waiver request. *See* Exhibit C.

10. On March 6, 2023, Defendant sent a letter with the subject line "20-Day Notification 22-00930-F," advising Plaintiff that Defendant had forwarded the FOIA request to

3

several offices within the Department and that Defendant would be unable to respond within the 20-day statutory time limit due to "unusual circumstances." *See* Exhibit D.

11.    On September 13, 2023, more than six months after the letter from Defendant, Plaintiff sent an email to Defendant asking for a status update. To date, FGI has not received that update.

12.    With regards to FGI's FOIA request, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA request. In fact, as of the date of this Complaint, Defendant has failed to produce a single responsive record or to assert any claims that responsive records are exempt from production.

13.    Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

14.    Plaintiff realleges paragraphs 1 through 13 as though fully set forth herein.

15.    Defendant has failed to make a determination regarding FGI's February 2, 2023 FOIA request for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

16.    FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: October 3, 2023

    /s/ Jeremiah L. Morgan
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com

*Counsel for Plaintiff*
FUNCTIONAL GOVERNMENT INITIATIVE